WRIGHT, Presiding Judge.
This is a termination of parental rights case. The only issue on appeal is whether there was clear and convincing evidence before the trial court to support its order terminating the mother’s parental rights.
In September 1983, Charlotte Bailey voluntarily placed her two children in temporary foster care with the Shelby County Department of Pensions and Security (DPS), because she felt that she could not adequately care for them. One week later, DPS filed petitions for temporary custody of the children, which were granted. The children have remained in the custody of DPS since that time.
The mother entered into two Boarding Home Agreements with DPS over a two-year period. Under these agreements the mother was to visit the children twice a month, provide child support, pay for any medical expenses of the children not covered by Medicaid and cooperate in efforts to locate the children’s father.
In February 1985 DPS filed petitions in the Shelby County Juvenile Court seeking permanent custody and termination of parental rights for the two children. The petitions cited as reasons for the termination of parental rights, the failure of the mother to visit the children, make support payments, the mother’s inability to establish a suitable home and her inability to provide for the children’s support, maintenance and education. After a hearing, the court granted the petitions of DPS. The mother filed a motion for a new trial, which was denied. She appeals from that judgment.
The ore tenus rule is applicable in termination of parental rights cases. This means that the judgment of the trial court is presumed to be correct and will not be disturbed on appeal unless plainly and palpably wrong. Lovell v. Department of Pensions and Security, 356 So.2d 188 (Ala.Civ.App.1978). It is well settled in Alabama that to terminate parental rights, the evidence must be clear and convincing that the best interests of the child are against parental custody. Matter of Moore, 470 So.2d 1269 (Ala.Civ.App.1985); Vinson v. AGAPE of Central Alabama, Inc., 416 So.2d 1075 (Ala.Civ.App.1982).
The record establishes that the mother’s situation at the time of the termination hearing has not improved in any significant manner from the time the children were originally placed in foster care. At the time the request for foster care placement was made, the children were less than two years of age and less than one year of age. The physical condition of the children when they were placed in foster care was poor. They both suffered from scabies, lung and *1119 chest congestion, ear infections, and the youngest child had not been started on his immunizations. The children have remained in foster care for two years, and during this time the mother has only visited the children nine times. They do not know her as their mother. The mother failed to comply with either of the Boarding Home Agreements that she signed with DPS. The mother has no stable means of support for the children. Therefore, we find the judgment of the trial court to be supported by clear and convincing evidence and that the best interest of the children will be promoted by terminating the parental rights of the mother.
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.